GERENA, PLAINTIFF AND APPELLEE, *v.* SALES ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Aguadilla in an Action
for Annulment of Acknowledgment.

No. 2896.—Decided July 26, 1923.

MARRIAGE—EVIDENCE.—When the certificate of marriage is not available the marriage may be proved by reputation and presumption, assuming that in Porto Rico marriage must be proved generally by the records of the civil register.

ID.—ERROR—APPEAL.—Errors assigned without specification will not be reviewed on appeal.

ID.—EVIDENCE—DISCRETION OF COURT.—The order of the production of evidence at the trial is in the discretion of the trial court.

The facts are stated in the opinion.
*Mr. J. D. Rodríguez* for the appellants.
*Messrs. García Méndez & García Méndez* for the appellee.
MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit to annul an acknowledgment of a child. The court rendered judgment in favor of the complainant and in the course of its opinion said as follows:

"The evidence shows satisfactorily that about the years 1905, 1906 and 1907 defendant Dolores González lived in Lares, P. R.; that on March 1, 1906, she was delivered of a child named María Eladia González, known as Rosa, the minor represented in this action by Fidel Gerena; that the said child was the offspring of the amorous relations of co-defendant Dolores González with a man whose name it is not necessary to mention and who was not Francisco Sales Ayala; that Francisco Sales Ayala did not live with his co-defendant in 1905, nor in 1906, nor prior to that date; that at that time he was married to Higinia Guzmán, who died in 1911, and the said Sales Ayala contracted marriage with defendant Dolores González on April 18, 1921, at which ceremony they acknowledged the minor María Eladia as their daughter when in reality the evidence shows that the said María Eladia was not the daughter of Francisco Sales Ayala, which fact was also known to them. And

finally it was conclusively shown that Sales Ayala was induced by the unknown man to allege falsely that he was the father of a girl who was not begotten by him. In connection with all of the evidence it is well to say that defendant Dolores González did not appear as a witness and that Sales Ayala, her co-defendant, by the manner in which he testified and by his doubts, hesitations and the manifest falsity of his testimony did not merit any credit from the court."

The appellants, husband and wife, assign various errors. The first is that the court committed error in admitting oral evidence of the marriage of the defendant Francisco Sales Ayala with another woman than his present wife at the time of the conception of the child in this case. Before this oral evidence was admitted the complainant had offered in evidence several certificates from Lares and San Sebastián negativing the existence of any entry of marriage of the defendant with his alleged former wife. Although objections were made to these certificates there was none to their negative form and their admission is not assigned as error. So that secondary evidence of the marriage was admissible. When the certificate of marriage is unavailable marriage may be proved by reputation and presumption, supposing that in Porto Rico marriage ordinarily should be proved from the civil registry. The defendant, moreover, in his marriage with his present wife declared himself to be the widower of the former wife in question and his whole attitude on the witness stand made the fact clear. He said he could not remember being married before and made other manifestations of a recalcitrant witness, as indicated by the court.

The second assignment of error is as follows: "The court below erred in admitting secondary, indirect and hearsay evidence." Properly the assignment should be ignored for lack of specification. We agree, however, with the appellee that the secondary and indirect evidence was either harmless in the general result or properly admissible.

The third assignment, namely, that the court varied the order of proof by admitting documentary evidence after oral, needs only its statement to be refuted. The order is discretionary in the trial court.

The fourth assignment relates to the weighing of the evidence and we do not see how the court could have arrived at any other result.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.